IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-50334

Summary Calendar

---

RENE D. MENDOZA

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF HUMAN SERVICES

Defendant-Appellee.

---

Appeal from the United States District Court
For the Western District of Texas
(SA-97-CV-96)

---

October 23, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, a former employee of the Texas Department of Human Services ("TDHS"), appeals the district court's grant of summary judgment in this employment discrimination case.

TDHS first sought summary judgment on Mendoza's claims regarding harassment, failure to promote, and disability discrimination. A district court may consider only those grounds of a Title VII or ADA complaint that were raised in the administrative process. *See Anderson v. Lewis Rail Serv. Co.*, 868 F.2d 774, 775 (5th Cir. 1989). Mendoza did not properly raise

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these claims in the administrative process, so the claims could not reasonably be expected to be within the scope of the EEOC's investigation. Thus, the district court did not err in rendering summary judgment on these claims.

Mendoza also claimed that he was discharged because of his race and gender. However, Mendoza did not establish a *prima facie* case of either race-based or gender-based discrimination because he failed to present proper summary judgment evidence that he was replaced with a similarly qualified person outside the protected class. *See Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

Nevertheless, even assuming a *prima facie* case, TDHS articulated a legitimate, nondiscriminatory reason for discharging Mendoza, and Mendoza presents no evidence casting doubt on the legitimacy of TDHS's reasons for Mendoza's discharge. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-511 (1993).

For these reasons, the judgment of the district court is AFFIRMED.